I represent the Appellate Guy Horne and James P. Berry. I also represent the Real Party and Interest, Carlsford's N Division, Inc. The PTO erred in this case by concluding that it would have been obvious for one of ordinary skill in the art to modify the Crowder Reference in such a way that it would have required disregarding a primary teaching of the Abe Reference. Briefly, the claims in this case are to an endoscope that has a tubular member with four layers that jacket the tubular member. Those layers, in order from the tubular member to the outside, are a barrier layer, a braided layer, a laminating layer, and a wear layer. The PTO argued that it would have been obvious to use a cover disclosed by Abe over the braid layer of Crowder while also retaining the jacket layer of Crowder that is disposed between the braid layer and the inner coil of the endoscope. This is for just the barrier layer? That's correct. The Crowder jacket layer was analogized to the barrier layer. There's all these different terms for the layers. I want to make sure I was following. That's correct. This proposed modification, however, would have required that one of ordinary skill in the art ignore a primary teaching of the Abe Reference. The law requires that a reference be considered for all that it teaches. Abe teaches to overcome durability and resilience problems that have resulted from poor bonding between the outer cover and the core of the endoscope. Abe teaches to accomplish this in two ways. One, by using a common material in the outer cover and a coating on a wire in the braid layer, and importantly, two, by permitting the outer cover to form anchors that protrude through the braid layer and into the gaps of the inner coil. The argument you're making now seems consistent with your brief. If we've touched on, there were these prior art references, and you seem to hone in on what, as you said today, are the primary teachings or the central teachings of those references. I guess I'm having difficulty as an appellate court here second-guessing the examiner, the PTO, and the board with respect to distinguishing what are so-called primary teachings of a reference and what are non-primary and, in your view, not applicable or relevant teachings. Can you address that, please? I would address that by saying... I know I write about my characterization of your position, about sort of honing in on we should only look at the primary teachings or the central teachings in certain references and not all other teachings. Well, our position is that it would be improper to consider isolated portions of the references without considering the overall teaching. But the reference is prior art for all that it teaches. I think that Judge Prost is saying it teaches more than just your primary point. It teaches some secondary points as well. Wouldn't a person of skill in the art be able to rely on some of those secondary teachings? In some... Yes, Your Honor, in some situations. But it would be improper for someone of own skill in the art to take an isolated teaching that would be contrary to the overall teaching of that same reference. So, for one of skill in the art to have applied only a portion of Abe to the Crowder reference that would have violated the primary purpose of the Abe-alleged invention would be improper. Did you make a teaching away argument in your brief? I don't recall that. Now you're saying sort of that portions of the reference taught away. I don't know if that was what you were arguing in your brief. With respect to the Abe combination with Crowder, I would say that's not a strict teaching away argument. We did make a teaching away argument with respect to the use of multi-layer cover over the braid layer. Our position with respect to Abe and Crowder is that it was improper to conclude that one of ordinary skill in the art would have taken an isolated teaching and ignored the primary teaching of the reference, which is to secure the outer cover to the inner coil. With respect to the teach away argument, our argument is that the overall teachings of the references would have led one of ordinary skill in the art away from a multi-layer cover over the braid layer of Crowder. The PTO relied on Abe for teaching a multi-layer cover, but this is out of context with the overall teaching of the remaining references. Constorum was relied on for the tubular member, but expressly teaches away from using a multi-layer cover. And again, a reference has to be considered for all that it discloses. Constorum discloses a single layer, and it teaches to minimize the outer diameter. It incorporates by reference an earlier Constorum document. Well, Constorum tells us you want a thin endoscope because it's more flexible, but if you had properties of multi-layers that allowed it to be equally flexible, wouldn't a person of skill in the art consider that to be consistent with Constorum rather than teaching something very different? No, your honor. I think in light of the strong teaching of Constorum, ultimately we want this flexibility, right? And if you can achieve that in some way other than thinness, why isn't that appropriately considered by the board? Our position is that because it would directly contradict the teaching of Constorum, which is to minimize thickness, minimize the potential for breakage and delamination, and to decrease the complexity and expense of the device. And for that reason, one of our new skill in the art would not have used a multi-layer cover over the braid layer cover. And unless there are additional questions... Well, let's hear from Mr. Foreman and we'll save plenty of time for you to come back. Okay. Thank you, your honor. Mr. Foreman? Thank you. May it please the court? Horne does not dispute that the prior art disclosed all the limitations of his claims. The only dispute is whether there would be a reason to combine here. Because substantial evidence supports the board's decision, this court should affirm. I think Horne's argument that you were addressing earlier really is that the most likely combination from these references would be an endoscope tube with a single layer under cover. That really misapprehends the obviousness inquiry because obviousness is not concerned with what the most likely result would be. It's concerned with what one of Horne's skill would know from the combined teachings. And here, the Abe reference clearly discloses a multi-layer under cover and clearly discloses the benefits of such cover. So, I think that even though the other embodiments of Abe and the Crowder reference teach a single layer under cover, you can't ignore this other embodiment of Abe that teaches a multi-layer under cover and provides an express reason why one of his skill would want such a cover. Well, so you're saying we ignore parts of the teaching and not others? No, I think that as long as that teaching, that multi-layer teaching is in the prior art and is emphasized, then that's enough for one of Horne's skills to combine Abe with Crowder. Where's the motivation? The motivation is expressly in Abe where it discusses the benefits of using multiple layers because you get the additive properties of each layer. And in the example, it talks about the inner layer, which is item 32, you pick a material that has increased adhesive properties. Now, the anchors of Abe, you don't use with the multiple layers, right? And that's what Abe's focusing on? Well, Abe does disclose, in the embodiment of the multiple layers, it does disclose the use of anchors, but I don't think that that fact necessarily means that one of Horne's skills wouldn't have looked at the combination that the board and the examiner found because Abe teaches that just choosing the property, just choosing the material for that inner layer, provides additional adhesion. And because you have multiple layers, you can focus the selection of the material on which property you want to achieve. So, instead of having to have one single layer where you have to worry about adhesion, you have to worry about chemical resistance, you can choose one inner layer that is solely focused on adhesion and you can choose an outer layer that is solely focused on chemical resistance and wear. So, that's really the benefit of Abe and that's where the motivation comes from. On the teaching away point, Horne argues that the Consorum reference teaches away because of its discussion of multi-layer covers. The Consorum reference that the board and the examiner relied on only says that reduced diameter is preferred and the Consorum reference that's incorporated by reference really is focusing on this higher arc Kobayashi reference which teaches multiple braided layers and is really very different than the Abe reference. So, I think in the context of that, it's not teaching away because it's discussing this other prior reference. And even if it wasn't discussing this other prior reference, it's not teaching away because it's only pointing out some disadvantages of a multi-layer cover. It's not saying that one of ordinary skills should not or could not use a multi-layer cover. And additionally on that point, as we noted in our brief,  so we believe it's a waive. Finally, Horne claims that there's been a shift in our position on motivation to combine. And I don't think that's the case. I think if you look at both the board's analysis at 89 of the appendix and our discussion, our brief at pages 14 and 15, you'll see a fully consistent position regarding motivation and that the Abe reference allows one of ordinary skills to select materials in each of these layers to get the properties that they desire and that the selection of the innermost material would be one to improve adhesion. I think that was said by the examiner, that was said by the board, and that was said by us in our brief. No further questions. All right. Thank you, Mr. Foreman. Mr. White? Thank you, Your Honor. With respect to the combination of Abe and Crowder, the opposite appellant's position is that the primary goal of Abe would not be achieved by this combination. Crowder already discloses the protrusion of the outer cover through the braid to the barrier layer, which is the jacket layer in Crowder. Mr. White, these are all endoscopes. There seem to be a variety of different endoscope combinations. Why wouldn't one of skill in the art simply pick and choose from amongst many endoscopes and work with them to find the best? Why wouldn't they be motivated to just try lots of these combinations of things that are right there in front of them? Because the prior art expressly teaches not to do that in some situations. The Abe reference has a particular goal which is adherence to the inner core, and one of skill in the art reading Abe, that's evidence that one of skill in the art knew at that time to use the anchors to adhere the outer cover to the inner coil. With respect to the combination of a multi-layer cover over the braid layer, Constorum would counsel against that combination. But you have advances in materials and advances in wear rates of different kinds of materials. Wouldn't we just continue to experiment with different multi-layer combinations with different slot arrays until we get the best, most flexible endoscope? And all of those would be modifications, but they'd be modifications that would be within the ability of an ordinary skilled engineer in this area. Well, Your Honor, if we had evidence of a sufficient reason for one of ordinary skilled engineers to make those variations and try those things, that would be one thing. By making a more flexible, longer lasting, cheaper endoscope, why aren't those market and performance goals adequate motivation? Because the prior art in this case has specific teachings as to what its import is. Essentially, one of skilled engineers looking at the prior art, given a choice between a first design option that preserves the central teachings of the references, and a second design option in which numerous teachings are ignored, those of skilled engineers would have taken the first design option, and that's what the law requires. Unless there are further questions, that's all I have for this morning. Thank you, Mr. White. Thank you.